UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROCK 51 LLC,

            Appellant,

-against-

PREF 7 WEST 51ST STREET LLC,

            Appellee.

25-cv-3027 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

    The Court has reviewed the record, the parties' submissions regarding appellant Rock 51's motion to stay, and the relevant Bankruptcy Court orders. *See* Dkt. 11. The Court held argument on Rock 51's motion on June 20, 2025. For substantially the reasons set forward by the Bankruptcy Court's order denying Rock 51's prior motion to stay pending appeal, *see* Dkt. 15-1, and the reasons set forward by appellee Pref 7 West 51st Street's opposition to Rock 51's current motion to stay, *see* Dkt. 15, Rock 51's motion to stay is DENIED.

    The Second Circuit has articulated a four-factor test to govern the grant of a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re 461 7th Ave. Mkt., Inc.*, 2021 WL 5917775, at *1 (2d Cir. Dec. 15, 2021).

    Independently assessing the factors here, the Court agrees with the Bankruptcy Court's thorough analysis that Rock 51 has failed to demonstrate an entitlement to a stay. The Bankruptcy Court's order noted that Rock 51 hadn't made a strong showing that it was likely to succeed on appeal and that Rock 51 didn't face irreparable harm, because it retains the right to sue for damages for wrongful termination of the lease. *See* Dkt. 15-1 at 5. Additionally, the Bankruptcy Court noted that Pref 7 would be harmed by a stay, given that Rock 51 is unlikely to be able to make good on any damages claim Pref 7 racks up during the pendency of the appeal. *See id.* at 5–7.

    It's worthwhile to pause and stress the weakness of Rock 51's argument on the merits. Rock 51 makes several arguments in its underlying appeal, but in its motion to stay papers, Rock 51 focuses on just one. *See* Dkt. 12 at 9–12. Rock 51 argues that the default notice was insufficient to put Rock 51 on notice that Pref 7 could terminate its lease should Rock 51 fail to cure its default.

    Not so. As an initial matter, and as agreed by Rock 51 at the June 20 hearing, its argument that Pref 7's notice of default was deficient is not based on any provision in the parties' lease. Instead, Rock 51's argument is based on solely on non-binding cases suggesting that notices may

nevertheless be deficient where they fail to apprise a lessee that termination may be in the cards if a default is not cured. Whether those cases make sense in the commercial context or not, the notice here plainly provided sufficient notice. In relevant part, the default notice Pref 7 provided Rock 51 states:

> PLEASE TAKE FURTHER NOTICE, that Section 20.1(A) of the Lease provides that an Event of Default shall occur if Tenant fails to pay any installment of Fixed Rent or any installment of additional rent when due, and such failure continues for ten (10) Business Days after the date that Landlord gives notice of such failure to Tenant.
>
> PLEASE TAKE FURTHER NOTICE, that Tenant is required to cure the above referenced defaults by paying the Arrears to Landlord on or before July 29, 2024 (the "Cure Date"), that being at least ten (10) business days from the date that this notice (the "Notice") is served upon Tenant.
>
> PLEASE TAKE FURTHER NOTICE, that if Tenant fails to cure the above-referenced defaults by paying the Arrears to Landlord on or before the Cure Date, then Landlord may exercise its rights and remedies under the Lease and/or applicable law.
>
> PLEASE TAKE FURTHER NOTICE, that this Notice is being served upon Tenant pursuant to Articles 20 and 24 of the Lease and applicable provisions of law.

Dkt. 12-2 at 5–6.

Taken together, these four provisions of the default notice are enough to have "specifically apprise[d Rock 51] of claimed defaults in its obligations under the lease and of the forfeiture and termination of the lease if the claimed default is not cured within a set period of time." *NL Indus., Inc. v. PaineWebber Inc.*, 720 F. Supp. 293, 300 (S.D.N.Y. 1989). The provisions pointed to the precise subsection of the lease defining "an event of default," informed Rock 51 of the date by which it was required to cure such default, and notified Rock 51 that should it fail to cure its default, Pref 7 would "exercise its rights and remedies under the Lease."

Rock 51 says the default notice was insufficient to put it on notice that Pref 7 could terminate its lease because the notice failed to "tie the ... demand [to cure a default] to the forfeiture provisions of the lease." *NL Indus.*, 720 F. Supp. at 300.

Again, looking at the language of the default notice shows that the opposite is true. The notice cites to Section 20.1(A), which is a subsection of Section 20 of the lease, entitled "Defaults and Remedies." Section 20.1(A) makes clear that a payment default left uncured is an "Event of Default," and the very next provision, Section 20.2(A), explains that termination is a remedy for such an Event of Default. The notice also cites to Section 20 more broadly, further tying the default notice to the lease's termination provision. These invocations, alongside the notice's statement—

in no uncertain terms—that "if Tenant fails to cure the above-referenced defaults … on or before the Cure Date, then Landlord may exercise its rights and remedies under the Lease" were enough to put Rock 51 on notice that termination was a possibility should it fail to cure its default. Rock 51 itself conceded during the June 20 hearing that if the default notice had said "Section 20 of the Lease provides that an Event of Default shall occur …" instead of "Section 20.1(A) of the Lease provides that an Event of Default shall occur …", Rock 51 would have no argument. Especially in the commercial-lending context, there is no basis for parties' rights to turn on such a flimsy distinction.

The case law supports the sufficiency of Pref 7's default notice. In *NL Industries*, the court found the default notice that the landlord provided the tenant to be legally sufficient because, "[i]n a commercial setting, if the notice refers either to the specific termination provision or summarizes its terms, that is sufficient to put the lessee on notice that its leasehold is in jeopardy." *NL Indus.*, 720 F. Supp. at 300. The default notice in that case stated, "[Tenant] is hereby given notice, pursuant to the terms of § 16 of the [lease] . . . of the . . . defaults of [Tenant] under the [lease]." *Id*. The notice didn't cite the specific subsection of Section 16 regarding termination—the court found that the default notice was sufficient anyway because "there is no authority for the proposition that in a commercial context, [the Landlord]'s notice must cite the lease termination provision, explain its substance, include the length of the cure period, explain [the Landlord]'s rights in the event of a failure to cure, and explain that [the Landlord] intends to terminate in the event that the defaults are not cured." *Id.* Similarly, the Second Department found sufficient a default notice informing the tenant that it was being given "'the required twenty (20) day notice to cure default as required by Article 17 of the Lease' and unless the tenant cured the breach within the specified 20-day period, the landlord 'shall be entitled to resort to the full battery of rights and remedies available under the Lease.'" *One Main, LLC v. Le K Rest. Corp.*, 1 A.D.3d 365, 366 (2003) (quoting lease).

Here, the default notice complied with the lease's terms; cited generally to Section 20, which includes the termination provision; cited specifically to the subsection of Section 20 making clear an unremedied default would lead to an Event of Default, the consequences of which—potential termination—are spelled out in the very next subsection; and advised Rock 51 that Pref 7 "may exercise its rights and remedies under the Lease." That plainly sufficed under *NL Industries* and *One Main* to put Rock 51 on notice.

For these reasons, and those further set forth in the Bankruptcy Court's order and Pref 7's opposition brief, the Court denies Rock 51's motion to stay pending this appeal. The Clerk of Court is directed to terminate the motion at Dkt. 11.

SO ORDERED.

Dated: June 23, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge